IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LYNN, wife of, and ) | |
| DOUGLAS FREDERICK, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | CIVIL ACTION NO 05-0212-BH-D |
| ) | |
| MEDIACOM SOUTHEAST, L.L.C., <u>et al.</u>, ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

This matter is before the court on plaintiffs' motion for jury trial, defendant Mediacom Southeast, L.L.C.'s objection to plaintiffs' request for jury demand,[1] plaintiff's memorandum in opposition to Mediacom's objection and in support of plaintiffs' alternative motion, and plaintiffs' alternative motion for relief pursuant to Rule 39(b). (Docs. 35, 38, 42, 43).

Because the right to a civil jury trial is a fundamental right guaranteed under the Seventh Amendment, there is a presumption against waiver. <u>Aetna Ins. Co. v. Kennedy ex rel. Bogash,</u> 301 U.S. 389, 393, 57 S.Ct. 809, (1937) (The Court will "indulge every reasonable presumption against waiver" of the right to a jury trial); <u>Burns v. Lawther</u>, 53 F. 3d 1237, 1240 (11th Cir. 1995); Federal Rule of Civil Procedure 38(a).[2] This court must ascertain whether plaintiffs timely filed their jury

---

[1] The court acknowledges that Mediacom requested the opportunity to present a reply brief and/or oral argument. However, the court finds that additional briefing and oral argument are not necessary. (Doc. 38, ¶ 7).

[2] "The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." Fed. R. Civ. P. Rule 38(d).

demand and thus, did not waive their right to a jury trial.

Before removal on April 8, 2005, defendant Mediacom was served and answered plaintiffs' initial complaint. Also, plaintiffs filed their first amended complaint to substitute Justin Wansley for Jim West and attempted service on Wansley as an employee of Mediacom. (Doc. 1).

After removal, plaintiffs filed a second motion to amend the complaint again to add Wansley and to add ATX Services, Inc. and other defendants. (Doc. 9).  On June 2, 2005, Wansley was served and he answered the complaint and first amended complaint on June 22, 2005. (Docs. 24, 27). Ultimately, the second motion to amend was granted in part as to Wansley and ATX and the second amended complaint was properly filed on June 29, 2005. (Docs. 25, 26, 30, 31).  On July 18, 2005, defendant Mediacom filed its answer to the second amended complaint. (Doc. 41).  On July 11, 2005, defendant ATX was served and on July 27, 2005, filed its answer. (Docs. 40, 47).

Plaintiffs' demand for jury trial was made on June 30, 2005, more than ten days after defendant Mediacom's initial answer and after the petition for removal was filed, but less than ten days after the filing of the second amended complaint on June 29, 2005 and the answer of defendant Wansley on June 22, 2005, and the answer of defendant ATX on July 27, 2005.

Federal Rule of Civil Procedure 81(c) provides as follows:

> If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. . . . The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury.

Fed. R. Civ. P. Rule 81(c).  In order for this rule to apply, "all necessary pleadings" must have been "served" at the time of removal.  Moreover, in Burns, the Eleventh Circuit defined "pleadings" as those

2

identified in Fed. R. Civ. P. 7(a) and found that "Rule 7 clearly states that a pleading is (1) a complaint, (2) an answer, (3) a reply to a counterclaim, (4) an answer to a cross-claim, (5) a third-party complaint, or (6) a third-party answer." 53 F. 3d at 1241.

Before removal, Mediacom, the removing defendant, was the only defendant that had answered the complaint.  Plaintiffs attempted service on Wansley prior to removal through Mediacom as his employer, but apparently service was not successful.  After removal, plaintiffs moved this court to allow amendment of their complaint to add ATX Services, Inc., a subcontractor for Mediacom, and Wansley as an employee of ATX.  As previously stated, on June 22, 2005, defendant Wansley answered the complaint and first amended complaint.  Defendant ATX was served on July 11, 2005 and answered on July 27, 2005.  Therefore, because all necessary pleadings, i.e., complaint as to Wansley and answer of Wansley, had not been served at the time of removal, Rule 81(c) does not apply.  See Malbon v. Pennsylvania Miller Mut. Ins. Co., 636 F.2d 936, 938 n.3 (4th Cir. 1980)(Rule 81 was inapplicable because answer had not been served prior to removal.)

Thus, the court turns to Federal Rule of Civil Procedure 38(b) to determine whether the jury demand is timely.  Federal Rule of Civil Procedure 38(b) states that demand shall be made as follows:

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d).  Such demand may be indorsed upon a pleading of the party.

Under this rule, the controlling issue is what pleading constitutes the "last pleading directed to [any issue triable of right by a jury]".  Id.  Under Burns, an answer is considered a pleading. 53 F. 3d at 1241.

Clearly, an answer to a complaint is a pleading directed to any triable issue.  Moreover, "[i]f there are multiple defendants, the time each defendant files his answer starts the ten-day period running for the issues raised between him and the plaintiff (footnote omitted) but on an issue in which all the defendants are interested, the time runs from service of the last answer." 9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2320 (1995). See also In re Kaiser Steel Corp., 911 F.2d 380, 388 (10th Cir. 1990)(citations omitted)("The 'last pleading directed to such issue' will generally be an answer or a reply, if appropriate, and is determined on a claim by claim basis. Where there are multiple parties, the last pleading by any party on a common issue will determine the time for jury demand.") and Wyatt v. Hunt Plywood Co., Inc., 297 F.3d 405, 416 (5th Cir. 2002).

At present, the last defendant answered on July 27, 2005.  Thus, the "last pleading directed to [any issue triable of right by a jury]" was filed on July 27, 2005, after plaintiffs made their jury demand. Accordingly, plaintiffs' motion for jury demand is **GRANTED** and this court will enter a separate revised Rule 16(b) Scheduling Order.  Plaintiffs moved in the alternative that this court grant their motion for relief pursuant to Rule 39(b) which gives the court discretion to allow a jury trial. (Doc. 43). Because the court has determined that plaintiff's demand was timely under Fed. R. Civ. P. Rule 38(b), plaintiffs' alternative motion is **MOOT** at this time.

**DONE** this the 11th day of August, 2005.

                                                s /  Kristi K. DuBose
                                                **KRISTI K. DuBOSE**
                                                **UNITED STATES MAGISTRATE JUDGE**