IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA,
SOUTHERN DIVISION

| | | |
|---|---|---|
| LYNN FREDERICK, wife of | ) | |
| Douglas Frederick | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 05-0212-BH-M |
| | ) | |
| MEDIACOM SOUTHEAST, LLC, | ) | |
| ATX SERVICES, INC. and | ) | |
| JUSTIN WANSLEY | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Defendant Mediacom Southeast, LLC's (hereinafter, "Mediacom") Motion (Doc. 90) for Partial Summary Judgment. Plaintiffs have entered a Response (Doc. 99) in opposition to the motion and Mediacom has Replied (Doc. 103), in turn, to the response.

Plaintiffs' claims in this personal injury action are based upon theories of negligence, wantonness[1], willfulness and gross negligence. (Doc. 33). Mediacom, however, only seeks summary judgment disposition on the claims of wantonness, willfullness and gross negligence. (Doc. 92). On May 1, 2006, Plaintiffs motioned (Doc. 107) to supplement their opposition to Medicom's motion for summary judgment. Though their motion to supplement was denied,

---

[1] Though the language of Plaintiffs' complaint does not specifically include a claim of "wantonness," the Court finds that their assertion of "reckless negligence" is sufficient to establish such a claim. *See* Ala. Code 1975 §6-11-20 (b) (defining wantonness, for the purposes of seeking punitive damages, as "[c]onduct which is carried on with a *reckless* or conscious disregard or the rights or safety of others") (emphasis added). This is further supported by Defendant Mediacom's acknowledgment (Doc. 92, p.1) that Plaintiffs have asserted wantonness as a theory of relief.

Plaintiffs' concession of the claims of willfulness and gross negligence was noted by the Court. (Doc. 110). Therefore, only Plaintiffs' claim of wantonness is before the Court for summary judgment determination.

**Summary Judgment Standard**

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Hickson v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1259 (11th Cir. 2004). On summary judgment, "the district court should resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences ... in his favor." *United States v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991) (internal quotations and citations omitted).

**Wantonness**

The Alabama Supreme Court has defined wantonness as "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Alfa Mut. Ins. Co.*, 723 So.2d 1250, 1256 (Ala. 1998). However, "[t]o prove wantonness, it is not essential to prove that the defendant entertained a specific design or intent to injure the plaintiff." *Id.* The Supreme Court of Alabama has also ruled that "[w]antonness should be submitted to the jury unless there is a total lack of evidence from which the jury could reasonably infer wantonness." *McDougle v. Shaddrix*, 534 So.2d 228, 231 (Ala. 1988).

Based on the evidence presented in this case, resolving all reasonable doubts about the facts in favor of the non-movant Plaintiffs, the Court finds that there is a genuine issue of material fact as to whether Defendant was wanton in its actions allegedly causing injury to Plaintiffs. Therefore, Defendant Mediacom's Motion (Doc. 90) for Partial Summary Judgment as to Plaintiffs' claim of wantonness is **due to be and hereby DENIED in part**. Based upon Plaintiffs' concession of their claims of willfulness and gross negligence, Defendant Mediacom's Motion for Summary Judgment as to those claims is **due to be and hereby GRANTED in part**.

**So ORDERED**, this 23rd day of May, 2006.

s/ W. B. Hand
SENIOR DISTRICT JUDGE